EL PUEBLO DE PUERTO RICO, demandante, *v.* ALFREDO DOSAL, acusado; ORLANDO GONZÁLEZ y RAFAEL M. GARCÍA, fiadores y apelantes.

Núm. 7708.—*Sometido:* Diciembre 22, 1938. *Resuelto:* Enero 20, 1939.

*Angel M. Villamil y Carlos Santana Becerra,* abogados de los apelantes; *R. A. Gómez, Fiscal y Luis Janer, Fiscal Auxiliar,* Abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

Alfredo Dosal, acusado del delito de homicidio involun-

tario, salió en libertad bajo fianza. La garantía dada fué al efecto de que Dosal comparecería en cualquier momento que él o sus fiadores, o cualquiera de ellos, fuera notificado de la fecha señalada para el juicio. Dosal, chófer, vivía para aquel entonces en Adjuntas. Sus fiadores insistieron con él en la importancia que tenía que les informara de cualesquiera cambios de residencia. Más tarde el acusado se fué a vivir a Las Piedras y notificó por correo al márshal de la corte de distrito. Después de cambiar nuevamente de residencia se vió con el márshal y le dió como su dirección la "calle de Mercurio Clausells número 32, de Ponce." Algún tiempo más tarde fué empleado por Félix González en la Calle Principal número 4, de Ponce. El acusado notificó a sus fiadores de este último cambio, pero ni él ni éstos notificaron al márshal.

Luego de haberse señalado el caso para verse el día 6 de octubre de 1937, una citación en que se indicaba la dirección de Dosal como Calle Mercurio número 32, Ponce, fué devuelta por no hallarse allí al acusado. Uno de los fiadores, al ser notificado de que el caso había sido señalado para juicio, informó al secretario por carta fechada octubre 1 que Dosal estaba empleado con Félix González en la Calle Principal número 4, en el barrio Clausells de Ponce, donde podía hallársele fácilmente por la policía a través de González. Esta información iba acompañada de la súplica de que si surgía cualquier dificultad, se notificara al fiador, a fin de que pudiera ayudar a localizar a Dosal. El Secretario nada dijo al Márshal sobre la información contenida en dicha carta hasta después de la fecha señalada para el juicio.

Al dejar Dosal de comparecer en la fecha señalada para el juicio, la corte de distrito ordenó a los fiadores que comparecieran el 11 de octubre y mostraran causa por la cual no debía confiscarse la fianza. Los fiadores no comparecieron en la fecha señalada y se ordenó la confiscación de la fianza. Más tarde la corte declaró sin lugar una moción para que se dejara sin efecto la sentencia de octubre 11.

■ El juez de distrito en su sentencia de octubre 11 hacía constar que Dosal había sido debidamente notificado de la fecha señalada para el juicio e informado de que en caso de que dejara de comparecer su fianza sería confiscada, y que el acusado había sido debidamente citado para que compareciera en dicho día. Se señala esto como error. El juez, desde luego, estaba equivocado, mas en vista del hecho de que los fiadores fueron debidamente notificados de la fecha señalada para el juicio y de que se les había ordenado que mostraran causa por la cual no debía confiscarse la fianza, el error aquí señalado no es suficiente motivo de revocación.

■ El segundo señalamiento es que la sentencia de octubre 11, luego de declarar la confiscación, erróneamente ordenaba la inmediata expedición de un auto de ejecución en caso de que los fiadores dejaran de pagar la cuantía de la fianza al ser requeridos de conformidad con otra disposición de la misma sentencia. La cuestión que aquí se trata de levantar fué decidida adversamente a la contención de los apelantes hace más de treinta años en el caso de *Rivera* v. *Tous Soto*, 11 D.P.R. 96. En ausencia de un caso más fuerte que el presentado en el alegato de los apelantes, nos parece innecesario hacer un nuevo examen de la cuestión resuelta en el caso de Tous Soto.

■ El tercer señalamiento no carece enteramente de mérito. La sentencia de octubre 11 se basó en los hechos que para aquel entonces estaban ante la corte. Sin embargo, la moción para que se dejara sin efecto la sentencia sacó a relucir algunas circunstancias atenuantes. La citación dirigida a Dosal estaba fechada el 24 de septiembre y fué notificada a los fiadores. Uno de los fiadores hizo constar en ella que Dosal se hallaba en Ponce, en la Calle Principal número 4, barrio Clausells, donde estaba empleado por Félix González, de Ponce. Esa constancia no revela la fecha en que se hizo la notificación, pero el fiador que la firmó fué el mismo que escribió al secretario de la corte de distrito

en octubre primero. Este fiador hacía constar en su carta al secretario que se le había notificado del día señalado para el juicio. En su consecuencia, tenía buenas razones para creer que la citación con dicha constancia estaría en poder del márshal por lo menos con varios días de anterioridad a la fecha del juicio. Este mismo fiador declaró en la vista celebrada en la corte de distrito que en el presente caso era la primera vez que servía como fiador y que al informársele que el acusado había sido arrestado de nuevo y una vez más puesto bajo fianza, creyó que a él se le había exonerado de ulterior responsabilidad y de la necesidad de comparecer el 11 de octubre en respuesta a la orden para mostrar causa por la cual no debía ordenarse la confiscación, pero que teniendo dudas, trató de comunicarse con el secretario de la corte de distrito por teléfono y habló con un subsecretario. El secretario se hallaba de momento asistiendo a una sesión de la corte y el fiador solicitó del subsecretario que explicara la situación al secretario y al juez y que si luego de consultar con el secretario, era necesario que él compareciera, lo haría inmediatamente al recibir un telefonema a ese efecto. Debe admitirse, desde luego, que estos hechos no justificaron el dejar los fiadores de informar al márshal del cambio de residencia más reciente del acusado antes que fuera necesario expedir y diligenciar la citación, ni el dejar los fiadores de presentar al acusado el día señalado para el juicio, ni el dejar los fiadores de comparecer el 11 de octubre en respuesta a la orden para mostrar causa, mas conforme ya hemos dicho, ellas son circunstancias atenuantes. A la luz de estas circunstancias, el requisito de que los fiadores deben pagar el importe total de la fianza parece innecesaria-mente drástico. Una sentencia por la que se decrete que si los apelantes depositaren en la corte de distrito dentro del término de diez días de recibido el mandato en dicha corte la suma de $250 como penalidad por la falta de comparecencia del acusado, la sentencia y resolución recurridas de octubre 11 y diciembre 15, respectivamente, quedarán revocadas y sin

valor o efecto legal, y que en caso contrario, o sea que si los apelantes no depositaren la suma aquí señalada, dichas sentencia y resolución quedarán confirmadas y en toda su fuerza y vigor, es a nuestro juicio suficiente para dar cumplimiento a las exigencias de la justicia sustancial.

El Juez Presidente Sr. Del Toro no intervino.